UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MARSOFT, INC., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) )  Civil Action No.: 4:13-CV-02332 |
| UNITED LNG, L.P., UNITED LNG HOLDINGS, LLC, and STEPHEN P. PAYNE, | ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT AND
WRIT OF GARNISHMENT**

Pursuant to Chapters 61 and 63 of the Texas Civil Practice and Remedies Code, as made applicable to this proceeding by Fed. R. Civ. P. 64(a), plaintiff Marsoft, Inc. ("Marsoft") respectfully moves the Court for an order (1) directing a writ of attachment to attach the non-exempt property of Stephen Payne ("Payne), United LNG, L.P. ("United") and United LNG Holdings LLC ("Holdings") sufficient to satisfy the expected judgment in favor of Marsoft in this action in the amount of $1.6 million plus interest, fees and costs; and (2) garnishing all obligations and other property owed to Payne by United and Holdings.

In support of this Motion, and as set forth more fully in the memorandum and declarations filed herewith and incorporated herein by reference, Marsoft states as follows:

**Procedural History**

1. Marsoft initially filed this action and commenced an arbitration before the International Chamber of Commerce to assert claims relating to a breach of a Letter of Agreement ("LOA") entered into by Marsoft and United. Marsoft sought, and obtained, a

preliminary injunction from this Court preserving the status quo while the parties arbitrated their claims. The Court then ordered that all of the parties' claims be submitted to arbitration.

2. After the Court entered the injunction requested by Marsoft and ordered the parties to arbitration, Marsoft and the Defendants agreed to resolve their dispute, including all of the claims asserted in this litigation and the arbitration. The written, signed Settlement Agreement required Defendants to pay Marsoft $1.6 million on or before May 8, 2014, and required the parties to file the appropriate paperwork to dismiss this action and a related arbitration within five days thereafter.

3. Defendants sought to amend the Settlement Agreement after it had been signed by (1) adding a provision whereby Marsoft released all claims against Payne's associate Chalid Arrab and a company controlled by Arrab, neither of which is a party to this litigation or the arbitration and (2) extending the deadline to pay the $1.6 million to May 30, 2014. Defendants indicated that Arrab would be providing funding for the settlement, that Arrab would not provide funding without the release, and that Defendants would not be able to pay the $1.6 million they had already agreed to pay unless Arrab provided the funding and Marsoft agreed to these amendments to the signed Settlement Agreement.

4. Marsoft rejected the proposed extension of the payment deadline and offered to release claims against Arrab and his company for $200,000. Defendants did not respond and the Settlement Agreement was not amended.

5. Defendants have not paid the $1.6 million, nor have they acknowledged or explained their failure to pay.

6. On May 12, 2014, Marsoft, with leave of Court, amended its complaint to assert a claim for breach of the Settlement Agreement.

**Basis For Relief Sought**

7.  Marsoft, by and through this motion and the memorandum and declarations filed herewith, has satisfied the statutory requirement under Chapter 61 of the Texas Civil Practice and Remedies Code to obtain a writ of attachment against Defendants because:

- the Defendants are justly indebted to Marsoft pursuant to the terms of the Settlement Agreement that required payment of $1.6 million on May 8, 2014;

- the Motion is not injurious or harassing to Defendants but, instead, seeks to enforce the terms of a written settlement agreement before Defendants are able to transfer their non-exempt assets beyond the reach of this Court;

- absent an attachment, Marsoft will likely lose the debt owed to it because Defendants will continue to transfer assets beyond the reach of Marsoft or this Court, including to entities controlled by Payne and Arrab;

- Defendants have disposed of their property for the purpose of defrauding creditors, including by United transferring away more than $6 million in an eight month period, with $2 million going to entities controlled by Payne and Arrab purportedly in payment for services that were never documented, while none of it was used to pay the invoices properly issued by Marsoft for services provided under the LOA; and

- Defendants obtained Marsoft's settlement of its claims under false pretenses, as Defendants had no intention to pay the $1.6 million but simply needed a signed settlement agreement for use in furthering their own business interests.

8.  The Defendants' non-exempt property subject to execution includes, without limitation, the tangible and intangible real property and personalty of Payne, United and Holdings, as well as Payne's interest in United, Payne's interest in Holdings, and Holdings' interest in United.

9. Marsoft, by and through this motion and the memorandum and declarations filed herewith, has satisfied the statutory requirement under Chapter 63 of the Texas Civil Practice and Remedies Code to obtain a writ of garnishment preventing United and United Holdings from paying any debt to Payne or delivering to Payne any effects, including certificates of ownership in any entity because:

- information obtained in discovery indicates that Payne (1) has an ownership interest in United and Holdings, (2) loaned money to United and/or Holdings on undisclosed and undocumented terms and that United and/or Holdings has an obligation to repay Payne and, (3) provided goods and/or services to United on an undocumented basis for which he has caused United to compensate him;

- the debt owed to Marsoft was expressly required by the Settlement Agreement to be paid by May 8, 2014, is not subject to any condition precedent or prerequisite, and has not been paid;

- Marsoft is unaware of assets subject to execution that are sufficient to satisfy the debt owed to it and, in fact, the information provided in discovery in this litigation suggests that it is unlikely that there are assets subject to execution that are sufficient to satisfy the debt owed to Marsoft; and

- the garnishment sought is not intended to injure Defendants, but is intended to preserve assets for satisfaction of judgment in the face of widespread evidence that Defendants have engaged in self-dealing, fraudulent transfers, and undocumented transactions and have not respected corporate formalities.

10. Counsel for Marsoft has conferred with counsel for Defendants concerning this motion. Counsel were unable to agree as to the disposition of this motion.

WHEREFORE, Marsoft respectfully requests that Court prevent the further dispersion of assets that could be used to satisfy the judgment in this action by entering an order:

1. Directing a writ of attachment to issue to attach the non-exempt property of Stephen Payne, United LNG, L.P. and United LNG Holdings LLC sufficient to satisfy the expected judgment in favor of Marsoft in this action in the amount of $1.6 million plus interest, fees and costs;

2. Directing a writ of garnishment to United LNG, L.P. and United LNG Holdings LLC ordering them not to pay any debt to Stephen Payne or to deliver any effects to him pending further order of the Court; and

3. Awarding further relief as is just and proper.

**MARSOFT, INC.**

By its attorneys,

/s/  Michael J. Licker
Brock C. Akers
Phillips ★Akers ★Womac, P.C.
3200 Southwest Frwy
Suite 3200
Houston, TX 77027
Telephone:  713-552-9595
Facsimile:  713-552-0231

Brandon F. White *(pro hac vice)*
K. Neil Austin *(pro hac vice)*
Michael J. Licker *(pro hac vice)*
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617-832-1000
Facsimile:  617-832-7000

Date: May 23, 2014

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing instrument has been served to all counsel of record pursuant to the Federal Rules of Civil Procedure, on this 23rd day of May, 2014.

                                       /s/ Michael J. Licker
                                       Michael J. Licker